UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAMAL DRAKE | : | |
| | : | |
| v. | : | C.A. No. 13-226ML |
| | : | |
| FREEDOM LAW CENTER | : | |

REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On April 8, 2013, Plaintiff Kamal Drake, a Rhode Island resident, filed a pro se Complaint in this Court against Freedom Law Center. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with LEAVE TO FILE AN AMENDED COMPLAINT.

**Facts**

Plaintiff's Complaint arises out of his arrest by the Albuquerque, New Mexico Police Department on August 3, 2009. Plaintiff alleges that he was arrested and charged with assault with a deadly weapon on a household member based on false allegations made by his former girlfriend. Plaintiff alleges that he "returned East to New Jersey to retreat" a few weeks after his arrest and later hired Attorney D. Chipman Venie to represent him in the New Mexico criminal case on July 23, 2010. Plaintiff alleges that Attorney Venie "has not upheld his responsibility and has therefore breached the 2010 [Retainer] agreement." He alternatively challenges Attorney Venie's alleged failure to perform on a promissory estoppel theory.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915

because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

First, there is an ambiguity as to who Plaintiff is suing in this case.  While the caption of Plaintiff's Complaint identifies Freedom Law Center as the sole Defendant, the Complaint itself in Paragraph 2 identifies Mr. D. Chipman Venie as the sole Defendant and identifies him as the "owner" of Freedom Law Center.  Thus, it is unclear whether Plaintiff intends to sue Mr. Venie, Freedom Law Center or both.  Pursuant to Local Rule Cv 5(a)(1) and Fed. R. Civ. P. 10(a), the caption of Plaintiff's Complaint "must name all the parties," (emphasis added), and, since it does not do so, Plaintiff's Complaint is procedurally deficient.  This deficiency is not a mere technicality and will potentially frustrate and complicate any effort to serve this Complaint on the defendant(s) because the United States Marshals Service is responsible for effectuating service upon the defendants in an IFP case pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d) and needs clear direction in doing so.  See also Laurence v. Wall, 551 F.3d 92, 93 (1st Cir. 2008) (holding that

District Court must order service by U.S. Marshal if plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915).

Second, Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this case is between citizens of different states, and the amount in controversy exceeds $75,000.00. In his prayer for relief, Plaintiff seeks judgment in the amount of $85,000.00 plus interest, costs and attorneys' fees. However, Plaintiff does not include any facts in his Complaint that would reasonably suggest that the amount in controversy exceeds $75,000.00. He does not allege the amount of legal fees paid to Freedom Law Center or Attorney Venie to represent him. Plaintiff also alleges that Attorney Venie's alleged "inactions have resulted in the tarnishing of [his] good name" and that he has been "morally damaged" but he does not allege any facts identifying the existence of any economic harm suffered by him.[1] "Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, are insufficient." U.S. Bank Nat'l Ass'n v. Story, No. 6:10-cv-34-Orl-19DAB, 2010 WL 148726 (M.D. Fla. Jan. 12, 2010) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319-1320 (11th Cir. 2001)).

Finally, Plaintiff alleges venue is proper in this District because he currently resides in Rhode Island. However, under 28 U.S.C. § 1391(b), venue is generally limited to a district in which any defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred." From the face of Plaintiff's Complaint, it reasonably appears that venue might properly

---

[1] Plaintiff asserts that he went to "New Mexico with the ultimate goal of beginning his career in the Criminal Justice System" and, although not convicted, his criminal case is "visible to society." However, he also alleges that he returned to New Jersey shortly after his New Mexico arrest to begin Truck Driving School and, in his IFP Application, indicates that his most recent employment with a trucking company was "abated by excommunication." (Document No. 2 at p. 1). Plaintiff has simply not specifically identified any tangible economic harm caused by Attorney Venie's alleged inactions.

lie in New Mexico or New Jersey but not in this District. However, if Plaintiff has additional facts which support venue in this District, he may plead them in his Amended Complaint if he chooses to file one.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with LEAVE TO FILE AN AMENDED COMPLAINT which remedies the pleading deficiencies identified in this Report and Recommendation.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 12, 2013